**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | | |
|---|---|---|
| **DAVID MICHAEL RIFFEY**<br>**and BEREN RIFFEY** | | **PLAINTIFFS** |
| **VS.** | **3:12-CV-00294-BRW** | |
| **CRST EXPEDITED, INC. F/K/A**<br>**CRST VAN EXPEDITED, INC.,** *et. al* | | **DEFENDANTS** |

**ORDER**

Before this Court is Plaintiffs' Motion to Compel First Set of Discovery from Mario Acevedo Becerra (ECF Nos. 15 and 16 filed May 16, 2013) and Plaintiffs' Motion to Compel First Set of Discovery from CRST Defendants (ECF Nos. 18 and 19 filed May 16, 2013). This matter was fully briefed, and a hearing was held on June 21, 2013, with counsel for all parties in attendance. With respect to Plaintiffs' Motion to Compel First Set of Discovery from Mario Acevedo Becerra, ECF Nos. 15 and 16, the Court hereby finds an Order as follows:

Request for Production No. 3 seeks copies of any and all written or recorded statements made by Separate Defendant Becerra to anyone regarding the accident with BCJ Trucking on February 10, 2011. Defendants confirmed they are not in possession of any responsive statements. Plaintiff's Motion with respect to this Request is denied as moot.

Request for Production No. 8 requests copies of cellular telephone records for all calls and text messages during the months of January and February, 2011. Separate Defendant Becerra is directed to have the account holder execute written authorization for production of said records.

Request for Production No. 9 requests copies of all e-mails, letters or any other form of correspondence in the possession of Separate Defendant Becerra sent by any of the CRST

1

Defendants regarding the wreck.  Separate Defendant Becerra has confirmed he is not in possession of the requested information.  Plaintiff's Motion with respect to this Request is denied.

Request for Production No. 10 seeks all e-mails, letters or any other form of correspondence in Separate Defendant Becerra's possession sent by any CRST Defendants regarding his termination from the company.  Separate Defendant Becerra confirmed he is not in possession of the requests information.  Plaintiff's Motion with respect to this Request is denied.

Request for Production No. 15 seeks a copy of any driver's manual, policies and procedures, training manual or safety manual in Separate Defendant Becerra's possession provided to him by any CRST Defendant during his employment.  Separate Defendant Becerra confirmed he is not in possession of the requested information.  Plaintiff's Motion with respect to this Request is denied.

Interrogatory No. 6 requests Separate Defendant Becerra to disclose whether he contends that the Plaintiffs were contributorily negligent or assumed the risk of their injuries.  Separate Defendant Becerra is ordered to disclose evidence in support of this affirmative defense as it becomes available.

Interrogatory No. 7 requests Separate Defendant Becerra to identify any other entity or person, a party to or not a party to, the current lawsuit, who was responsible or at fault for Plaintiffs' injuries.  Separate Defendant Becerra is ordered to disclose evidence in support of this affirmative defense as it becomes available.

Interrogatory No. 19 requests Separate Defendant Becerra to identify any medical doctor, medical facility or healthcare professional he has seen in the last five years for any reason, including regular check-ups or work related evaluations.  Plaintiffs' Motion is denied in part and

granted in part. Separate Defendant Becerra is directed to advise if he was injured and of the nature and extent of any injuries he sustained in the subject accident.

With respect to Plaintiffs' Motion to Compel First Set of Discovery from CRST Defendants, ECF Nos. 18 and 19, the Court hereby finds an Order as follows:

Interrogatory No. 2 requests the CRST Defendants identify any hours of service violations, as defined by 49 C.F.R. 395, committed by Separate Defendant Becerra during his employment with any CRST Defendant. Plaintiffs' Motion with respect to this Interrogatory is granted.

Interrogatory No. 3 requests the CRST Defendants to describe any disciplinary action against Separate Defendant Becerra as a result of any hours of service violations. The Court holds ruling on this Interrogatory in abeyance until after disclosure of any violations in response to Interrogatory No. 2.

Interrogatory No. 5 requests the CRST Defendants identify any individuals who investigated this matter on behalf of the CRST Defendants, including medical experts, private investigators or insurance adjusters. The Court holds ruling on this Interrogatory in abeyance.

Request for Production No. 5 requests the CRST Defendants to produce all e-mails, letters, communications, memoranda or other documents or publications, that they possess, have possessed or know of and have access to, that discuss the wreck that is the subject of the Complaint. The Court holds ruling on this Request in abeyance.

Interrogatory No. 8 requests the CRST Defendants to disclosure whether Separate Defendant Becerra was terminated, the basis for his termination and the identity of the person making the decision to terminate Separate Defendant Becerra. The CRST Defendants have supplemented their discovery responses confirming the termination of Separate Defendant

3

Becerra, however the CRST Defendants will identity of the person making the decision. Plaintiffs' Motion with respect to this Interrogatory is denied as moot.

Request for Production No. 14 requests production of the personnel file of Separate Defendant Becerra, including but not limited to documentation regarding his termination. The Court holds ruling on this Request in abeyance. The CRST Defendants are ordered to produce the contents of Separate Defendant Becerra's personnel file to the Court for in camera review.

Request for Production No. 15 requests the CRST Defendants to produce Separate Defendant Becerra's safety performance file, including but not limited to, safety reviews and verification of safety meetings attended. The Court holds ruling on this Request in abeyance.

Request for Production No. 16 seeks documentation evidencing completion or non-completion of any training programs and driver orientation programs by Separate Defendant Becerra. The CRST Defendants are ordered to produce all available identifying information for the training DVDs viewed by Separate Defendant Becerra and where the videos can be obtained. Plaintiffs' request for copies of these DVDS is denied.

Interrogatory No. 17 requests the CRST Defendants to identify all means by which these Defendants communicated with Separate Defendant Becerra on February 10, 2011. The CRST Defendants have responded to this Interrogatory. Plaintiffs' Motion with respect to this Interrogatory is denied as moot.

Request for Production No. 23 requests the CRST Defendants to produce Separate Defendant Becerra's long form DOT physical. The CRST Defendants have confirmed they are not in possession of the long form DOT physical. Plaintiffs' Motion with respect to this Request is denied as moot.

Request for Production No. 25 seeks a copy of the CRST Defendants' policies and procedures regarding the operation of any communication system in the truck operated by Separate Defendant Becerra on February 10, 2011. The CRST Defendants have produced the handbook provided to the drivers and have confirmed that there are no policies or procedures that exist outside of the handbook. Plaintiffs' Motion with respect to this Request is denied as moot.

Request for Production No. 27 requests the CRST Defendants to produce copies of all drug and/or alcohol test results conducted on Separate Defendant Becerra after the wreck. The CRST Defendants have confirmed they are not in possession of this information and that no tests were conducted on Separate Defendant Becerra after the accident in question. Plaintiffs' Motion with respect to this Request is denied as moot.

Request for Production No. 28 seeks production of the entire drug and alcohol file of Separate Defendant Becerra. The CRST Defendants are ordered to produce this information under Protective Order.

Interrogatory No. 13 requests the CRST Defendants to identify any other entity or person, a party to or not a party to, the current lawsuit, who was responsible or at fault for Plaintiffs' injuries. The CRST Defendants are ordered to disclose evidence in support of this affirmative defense as it becomes available.

Interrogatory No. 14 requests the CRST Defendants to disclose whether they contend that the Plaintiffs were contributorily negligent or assumed the risk of their injuries. The CRST Defendants are ordered to disclose evidence in support of this affirmative defense as it becomes available.

Request for Production No. 41 seeks copies of any contracts between the CRST Defendants and QualComm or any other satellite communication provider. The CRST

Defendants are ordered to produce all documents that reflect contracts or agreements with Qualcomm that pertain to the vehicle in question on the day of the accident.

Request for Production No. 45 seeks a copy of the CRST Defendants' Annual Report Form M from 2011 to present. The Court holds ruling on this Request. If the issue of punitive damages is submitted to the jury, the Court will bifurcate the compensatory and punitive phases of the trial of this matter. In that event, the CRST Defendants will be ordered to submit a financial statement.

Request for Production No. 47 seeks payroll, or payment logs, or records for Separate Defendant Becerra for the time period, including the collision on February 10, 2011, and the six months prior thereto. Plaintiffs' Motion with respect to this Request is denied without prejudice. Plaintiffs' deposition of the payroll manager of any CRST Defendant is also quashed without prejudice.

Request for Production No. 48 seeks all W-2s for Separate Defendant Becerra for the withholding period which includes the collision on February 10, 2011, and all reporting periods for six months prior thereto. Plaintiffs' Motion with respect to this Request is denied without prejudice.

Request for Production No. 30 requests records of health insurance claims, disability claims, sickness or doctor excuses of Separate Defendant Becerra for any injuries he may have claimed as a result of the subject accident. The CRST Defendants are ordered to advise if Separate Defendant Becerra was injured and of the nature and extent of any injuries claimed by Separate Defendant Becerra as a result of the accident.

Request for Production No. 1 requests the copy of any documents Separate Defendant Becerra was required by any CRST Defendant to prepare regarding the wreck. The CRST

Defendants have confirmed they are not in possession of any responsive information. Plaintiffs' Motion with respect to this Request is denied as moot.

Request for Production No. 7 requests documents or reports concerning any investigation by the CRST Defendants concerning the wreck. The CRST Defendants confirmed they have no documents other than the First Incident Report, which has been produced, that are not subject to the work product privilege. The Court is holding ruling on this request in abeyance.

Request for Production No. 8 seeks documents prepared concerning all roadside DOT inspections of the truck involved in the wreck, including any repairs that were deemed necessary for the continued operation of the truck from February 2011 to the present. The CRST Defendants confirmed they are not in possession of any DOT inspection reports. All repair records have been produced. Plaintiffs' Motion with respect to this Request is denied as moot.

Request for Production No. 20 seeks all records and bills for the cellular and text messaging devices that Separate Defendant Becerra used while driving on behalf of any CRST Defendant. The CRST Defendants confirmed they are not in possession of this information. Plaintiffs' Motion with respect to this Request is denied.

Request for Production No. 21 seeks production of Separate Defendant Becerra's credit card bills and receipts showing dates and times purchases were made while he was driving a CRST truck during the months of January and February 2011. The CRST Defendants confirmed they are not in possession of this information. Plaintiffs' Motion with respect to this Request is denied.

Request for Production No. 36 seeks production of any reports generated in February 2011 and the three months prior by QualComm. The CRST Defendants confirmed that they are not in possession of this information. Plaintiff's Motion with respect to this Request is denied.

Request for Production No. 38 seeks information from the download of any on-board computer system, including QualComm and/or satellite communication system, used in the tractor on February 10, 2011. The CRST Defendants have confirmed they are not in possession of this information. Plaintiffs' Motion with respect to this Request is denied.

Request for Production No. 40 seeks production of all status updates from QualComm and/or other satellite communication systems in the tractor for February 10, 2011. The CRST Defendants have confirmed they are not in possession of any QualComm information for February 10, 2011. Plaintiffs' Motion with respect to this Request is denied.

All Defendants are ordered to produce any information or documents consistent with this Order within fifteen (15) days of its entrance.

The Plaintiffs' Motion to Compel First Set of Discovery from Mario Acevedo Becerra and Plaintiffs' Motion to Compel First Set of Discovery from CRST Defendants are, therefore, granted in part, denied in part and held in abeyance in part.

IT IS SO ORDERED this 15th day of July, 2013.

                                              /s/Billy Roy Wilson
                                  UNITED STATES DISTRICT JUDGE