**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DAVID MICHAEL RIFFEY
and BEREN RIFFEY**                                                                                    **PLAINTIFFS**

**VS.**                                         **3:12-CV-00294-BRW**

**CRST EXPEDITED, INC. F/K/A
CRST VAN EXPEDITED, INC.,** *et. al*                                           **DEFENDANTS**

## PROTECTIVE ORDER

The Court hereby orders that any and all drug and alcohol testing documents relevant to Separate Defendant Mario Acevedo Becerra and in the custody and control of any CRST Defendants be produced under the terms stated herein.

1. All documents produced under this Order will be designated as confidential and the information contained therein shall be used only for the prosecution, defense, or settlement of this action and for no other purpose.

2. Confidential documents shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or similar language to identify the documents as being subject to this order. The designation on the cover of any multi-page documents shall designate all pages of the document as confidential unless otherwise noted.

3. Confidential material pursuant to this Order may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified" persons designated below:

   a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

   b. Court reporters employed in this action;

    c.      To a witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing Confidential information will be maintained as Confidential as well.

    d.      Any other person to whom the parties, in writing, agree or as directed by the Court by specific order.

4. Prior to receiving any confidential information each "qualified" person shall be provided with a copy of this Order and shall be subject to its terms and conditions.

5. The Court specifically orders that any confidential information obtained during the discovery process as described by this Order shall not be filed with the court clerk, but can be sent under separate cover to the Court along with any motions or other pleadings that the Court may consider.

6. This Order shall not be deemed to prejudice the parties in any way nor shall any application for modification of this Order or to later seek production of other documents to which the parties may object. All designations of confidentiality shall be made based on a good faith belief that the document(s) should, in fact, be subject to the confidentiality order.

7. In the event any party wishes to challenge a designation of confidentiality, that party shall have twenty days from receipt of the document(s) in which to give the other parties, and the Court, notice of the challenge. While a challenge is pending before the Court, the document(s) shall remain subject to the terms of this Order unless and until the Court rules otherwise. In any proceeding to challenge a designation of confidentiality, the party seeking to accord protective status to the document or documents shall bear the burden of proof, unless the challenge is not made within twenty days from receipt, in which event the burden shall be upon the party challenging the confidential status.

8. This Order is entered solely for the purpose of expediting and facilitating the exchange of documents and information between the parties in this action without additional involvement by the Court unnecessarily in this process. Nothing in this Order or the production of any information or document under the terms of this Order or any proceedings pursuant to this Order shall be deemed of the effect of an admission or waiver by any party or of allowing the confidentiality or non-confidentiality of any such document or information or altering any obligation of any party in the absence thereof.

9. This Order shall survive the final termination of this action to the extent that the Court does not lift or otherwise limit the application of this Order. Within 30 days of final conclusion of this case, counsel in possession of Confidential materials shall return to the providing party all confidential materials, along with a certificate of compliance made by Plaintiff's counsel.

IT IS SO ORDERED this 15th day of July, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE