**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| **DAVID MICHAEL RIFFEY** and **BEREN RIFFEY** | **PLAINTIFFS** |
| V.   **3:12-CV-00294-BRW** | |
| **CRST EXPEDITED, INC.,** *et al.* | **DEFENDANTS** |

**ORDER**

Defendants contends that the "silent observer" was not silent. Plaintiffs contend that the "silent observer" was semi-silent and not obtrusive.

I wasn't there. How do I judge the credibility of opposing claims?

We could have an in-court hearing and I could hear testimony from both sides, then make a credibility finding, but this would seem to me to be over eggin' the puddin'.

Can a functional capacity evaluation be videotaped so that we'll have a visual record of whether the "silent observer" actually remains in the background?

Here's the deal: Plaintiffs and Defendants will split the cost of the new FCE 50/50 (a King Solomon-like ruling).

If a videotaping is not possible, what do the parties suggest? Should we have the FCE in the courtroom so that I can be called in if a dispute arises? Should I assign to this to a magistrate judge in North Carolina to preside over the FCE?

It seems to me that there is too much ado about very little, but I am at a loss to determine, at this point, who is at fault, or what the comparative fault is.

The parties are requested to set up the new FCE and get it done -- if you can't do it upon a mutually agreeable basis, call on me again.

Based on the above, Defendant's Motion to Pay Costs Associated With the December 13, 2013 FCE (Doc. No. 127) is DENIED.

IT IS SO ORDERED this 16th the January, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE