**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DAVID MICHAEL RIFFEY**                                                               **PLAINTIFFS**
**and BEREN RIFFEY**

**V.**                                      **3:12-cv-00294 BRW**

**CRST EXPEDITED, INC.,** *et al.*                                                      **DEFENDANTS**

## ORDER

**1.  Defendants' Motion in Limine to Exclude Company Wide Accident Statistics (Doc. No. 137) is GRANTED,** since Plaintiffs appear to concede the motion.  However, as Plaintiffs point out, if Defendants open the door regarding Mr. Becerra's training, Plaintiffs may, outside the hearing of the jury, reassert their need for such evidence.

**2.  Defendants' Motion in Limine to Exclude Evidence of Property Damage (Doc. No. 139) is GRANTED.**  I see nothing in the record that indicates that Mr. Becerra's co-driver's head cracked the window.  Unless I have missed something, this appears to be speculation.

**3.  Defendants' Motion in Limine to Exclude Evidence Made Irrelevant by Summary Judgment (Doc. No. 141) is GRANTED** to the extent that the parties will not be able to present evidence on matters that have already been dismissed.

As for the referenced depositions, the parties should be prepared to show me the proposed testimony and objections at the hearing tomorrow.

**4.  Defendants' Motion in Limine to Exclude Mario Becerra's DWI Record (Doc. No. 143) is GRANTED**, since Plaintiffs appear to concede the motion.  However, as Plaintiffs point out, if Defendants open the door regarding Mr. Becerra's training, Plaintiffs may, outside the hearing of the jury, reassert their need for such evidence.

5.  **Defendants' Motion in Limine to Exclude Expert Testimony on Lost Earnings and Earning Capacity (Doc. No. 145) is DENIED.**  The issues raised by Defendants regarding Plaintiffs' expert's calculations can be addressed during cross examination.

6.  **Defendants' Motion in Limine to Exclude RAIR Reports (Doc. No. 147) is GRANTED.**

7.  **Defendants' Motion in Limine to Exclude Evidence of Plaintiffs' Safety, Performance and Million Mile Awards (Doc. No. 149) is GRANTED.**

8.  **Defendants' Motion to Exclude Evidence of Hiring, Training or Retention, and Evidence of Subsequent Remedial Measures (Doc. No. 151) is GRANTED.**

9.  **Defendants' Motion Limine to Exclude Physician Testimony with Respect to Causation of Injuries (Doc. No. 153) is DENIED.**

10.  **Plaintiffs' Motion in Limine Regarding Beren Riffey's Prior History as a Victim of Abuse (Doc. No. 156) is DENIED.**  Since Mrs. Riffey is making a claim for "past and future emotional distress," Defendants will be allowed to delve into the topic briefly.

11.  **Plaintiffs' Motion in Limine Regarding Plaintiffs' Delay in Obtaining Treatment (Doc. No. 158) is DENIED.**

12.  **Plaintiffs' Motion in Limine Regarding Facebook Private Messages (Doc. No. 160) --** The parties should be prepared to argue this motion at the hearing tomorrow.

13.  **Plaintiffs' Motion in Limine Regarding Collateral Sources and Workers' Compensation Payments or Settlement (Doc. No. 162) is GRANTED.**

14.  **Plaintiffs' Motion in Limine to Exclude Listed Family Members as Witnesses (Doc. No. 164) is DENIED**, since this issue is better addressed during trial.  This ruling is based

3

on the assumption that the relatives have admissible information.  Any evidence that might go simply to a family feud is not admissible.

**15.  Plaintiffs' Motion in Limine Regarding the Status of Plaintiffs' Tax Returns (Doc. No. 166)** is GRANTED.  However, Defendants will be allowed to attempt to discredit Plaintiffs' expert's opinion by pointing out that no tax records were provided -- the testimony need not get into the reasons.

    IT IS SO ORDERED this 3rd day of February, 2014.

                                    /s/ Billy Roy Wilson
                                    UNITED STATES DISTRICT JUDGE